O’NIELL, Chief Justice,
 

 dissenting.
 

 The attorney who was the offender in this case, after having been found guilty of being in contempt, and when the judge was about to impose sentence upon him, committed a like offense towards the court. In my opinion the case comes squarely within the provision in Section 124 of the Revised Statutes, Section 452 of Dart’s Louisiana General Statutes, that if the offender be guilty more than once of the like offense towards the same court he may be punished therefor by fine not exceeding $200 nor less than $100 or by imprisonment not exceeding 10 days, or by both’, the fine .and imprisonment, at the discretion of the court.
 

 As I understand, the reason why this court is holding now that this provision in the statute, for imposing the greater penalty, is not applicable to this case, is that the two or more acts of contempt “did not evidence separate and distinct ■acts of contempt.” I respectfully submit that in cases where the offender commits' two or more “separate and distinct acts of contempt” — as where the acts of contempt are separate in time or have no relation to one another — the offender should be sentenced for each separate and distinct offense, by fine not exceeding $100 or' by imprisonment for a term not exceeding 24 hours, or by both the fine and imprisonment within those limits, for each offense. The wording of the statute, authorizing the imposing of the greater penalty, within the limits prescribed, “if the offender be guilty more than once of the same offense towards the same court,” leaves no doubt in my mind that this provision is-intended to be applied to .a case like this, where the offender, after being adjudged guilty of contempt of court repeats his-offense, or, as the statute puts it, becomes-
 
 *1108
 
 “guilty more than once of the like offense towards the same court”. In such a case the offender is subject to only one sentence; but the one sentence is not limited to a fine of $100 or to imprisonment for 24 hours. The one sentence in such a case may be as high as a fine of $200 and imprisonment for 10 days. The very purpose of this provision in the statute is to protect a judge against defiance on the part of an offending attorney by repetition of his contempt of court.
 

 For these reasons I respectfully submit that the one sentence imposed by the judge in this case is within the terms of the statute.